UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2015 SEP -8 P 6: 33
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOSEPH F APUZZO,<br><br>                    Defendant. | Civil Action No.:<br>3:07-cv-01910-AWT |

**JUDGMENT AS TO DEFENDANT JOSEPH F. APUZZO**

The Securities and Exchange Commission having filed a Complaint and Defendant Joseph F. Apuzzo having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-1 [17 C.F.R. §240.13a-1] promulgated thereunder, by knowingly providing substantial assistance to an issuer that, with regard to reports that the issuer is required to file with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder, contains any untrue statement of material fact, omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, omits to disclose any information required to be disclosed, or fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the Rules and regulations promulgated thereunder.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] and any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d), and the rules and regulations promulgated thereunder, that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. §240.13b2-1] promulgated thereunder, by knowingly falsifying any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $100,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant shall satisfy this obligation within 30 days after entry of this Judgment.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, a Fair Fund is created for the penalty monies ordered and paid pursuant to this Judgment ("Apuzzo Fair Fund"). The Apuzzo Fair Fund shall be paid into the Fair Fund previously established in the case *SEC v. United Rentals, Inc.* (D. Conn. No. 3:08-cv-1354)) for distribution to harmed investors. Additional monies paid by any defendant or respondent in a related proceeding arising from the underlying conduct also may be added to the Fair Fund.

Payments made pursuant to this Judgment shall be made to the Clerk of this Court, together with a cover letter identifying Joseph F. Apuzzo as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; specifying that payment is made pursuant to this Judgment; and specifying that payment is to be deposited into the previously authorized fund established in the case *SEC v. United Rentals, Inc.* (D. Conn. No. 3:08-cv-1354)). Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. If the Commission staff in *United Rentals* determines that the Apuzzo Fair Fund will not be distributed, the Commission staff shall arrange to send the funds paid pursuant to this Judgment to the Commission for transmittal to the United States Treasury.

The Commission may enforce the Court's judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he, further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall determine whether it is appropriate to enter an order, pursuant to Section 21(d)(2) of the Exchange Act, prohibiting Defendant, conditionally or unconditionally, and permanently or for

such a time period as the Court shall determine, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act upon motion of the Commission ("O&D Bar"). In connection with the Commission's motion for an O&D Bar, and at any hearing held on such a motion: (a) solely for the purpose of such motion, Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint, without admitting or denying that such violations actually occurred; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purpose of such motion, the factual allegations of the Complaint, other than as to whether Defendant's degree of scienter is sufficient to support entry of an O&D Bar, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of fact witness testimony provided at any hearing held on such a motion, affidavits, declarations, excerpts of sworn fact deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. This Court shall rule upon the Commission's motion for an O&D Bar within Forty-Five (45) days of the hearing held in this matter.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

It is so ordered.

Dated this 8th day of September 2015, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge

EOD: 9/8/15